IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jason E. Hall, | ) | Case No. 3:23-cv-04408-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sizewise Rentals, LLC, and Agiliti Health, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendants' motion for summary judgment. ECF No. 28. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge issued a Report recommending that Defendant's motion be granted as to Plaintiff's federal claims and that Plaintiff's state law claims be remanded. ECF No. 40. Defendants filed objections to the Report, and Plaintiff filed a reply. ECF Nos. 44, 45. Accordingly, this matter is ripe for review.

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

Upon review, the Court finds that the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Briefly, Plaintiff brings claims for discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA") and claims pursuant to South Carolina state law. As stated above, Defendant filed objections, and Plaintiff filed a reply.

***Objections to the Report*[1]**

In his first objection, Plaintiff contends that the Magistrate Judge improperly credited arguments of counsel and other unsuitable documents in the record in support of her conclusion that there was a legitimate reduction in force ("RIF"). He asserts that there is no valid evidence that there was a legitimate RIF or that Plaintiff was a legitimately selected member of any RIF.

---

[1] The Court's review has been de novo except where specifically stated below.

The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees, . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  Here, the Magistrate Judge assumed without deciding that Plaintiff stated a prima facie case for discrimination and retaliation under the ADA.  She then acknowledged that once a prima facie case of ADA discrimination or retaliation is established, the burden shifts back to the defendant to produce evidence of a legitimate, non-discriminatory/non-retaliatory reason for the alleged discrimination or retaliation, and the plaintiff bears the burden of showing that reason is pretext.  *See, e.g.*, *Lashley v. Spartanburg Methodist Coll.*, 66 F.4th 168, 174 (4th Cir. 2023).  The Magistrate Judge determined that Plaintiff failed to show that the reason offered for his termination—the RIF—is not true and is pretext for illegal discrimination and retaliation.  Upon review, the Court agrees with the recommendation of the Magistrate Judge.

While Plaintiff takes serious and repeated issue with the evidence in the record and insists that it is not proper evidence, the Court agrees with the Magistrate Judge that there is ample evidence in the record that supports her finding that there was a legitimate RIF.  Plaintiff states that the Magistrate Judge cites to no evidence beyond the arguments of counsel in support of her conclusions, but this is not so.[2]  As discussed by the Magistrate Judge, there is evidence in the record that various decision-makers instituted a RIF due to the consolidation of Defendants' staff and that 21 employees, including

---

[2] The Court notes that the Magistrate Judge's discussion section contains a citation to Defendants' reply; however, that is not the only document discussed in the Report.

Plaintiff, were terminated accordingly.  ECF No. 40 at 4–5 (citing ECF Nos. 32-6, 28-4); *see also* ECF No. 40 at 5–7.  Defendants also submitted a copy of Plaintiff's severance agreement, including the titles and ages of the other employees terminated as part of the RIF and various emails.  *See, e.g.*, sealed exhibit U to ECF No. 28 at 16.[3]

Plaintiff continues to state that this evidence is not enough; however, he cites to no authority which compels this Court to ignore sworn statements by individuals with knowledge of the facts of this action.  He also uses the terms "self-serving" and "after-the-fact" without consideration for the reality that a sworn statement may be properly considered as evidence and may not support his version of events.[4]  However, the law provides for sworn statements as evidence and, further, such testimony may be sufficient to establish the RIF.  *See White v. Bio-Med. Applications of S.C., Inc.*, No. 3:22-cv-1657-SAL, 2024 WL 911520, at *6, n.5 (D.S.C. Mar. 4, 2024) ("The court rejects Plaintiff's

---

[3] In this action, the parties have moved for and received permission to file several documents under seal.  *See* ECF Nos. 32, 33, 35, 38.  Rather than file the documents as sealed documents on the docket, they provided the documents to the Magistrate Judge electronically.  While they are not on the docket, the undersigned has access to all of the sealed documents and has reviewed them in making this ruling.  At this procedural posture, the Court finds that it is appropriate that the sealed documents be filed on the docket in order to provide a complete record in the event that either party files an appeal.  A text order to that effect will be entered contemporaneously with this Order.

[4] The Court further agrees that the evidence in the record is not impermissibly self-serving because it does not contradict any other evidence in the record.  It does contradict Plaintiff's theory of the case.  *Barber v. Coastal Horizons Ctr., Inc.*, No. 7:21-cv-00061-M, 2023 WL 2302003, at *7 (E.D.N.C. Mar. 1, 2023) ("Typically, self-serving testimony is rejected only if it contradicts the affiant's earlier testimony or is an opinion completely without corroboration." (citing *Genesis Off. Sys., Inc. v. PNC Bank, N.A.*, 639 F. App'x 939, 940–41 (4th Cir. 2016))).

unsupported objection where she argues Defendant was required to produce documentation that Plaintiff's position was eliminated. The deposition testimony is sufficient evidence." (citations omitted)).

Plaintiff states that he is "being asked to prove a negative"; however, that is not the case.  In light of the legitimate non-discriminatory/non-retaliatory reason proffered for Plaintiff's termination, he is required to demonstrate that the proffered reason is mere pretext.  The fact that he is not able to do so is not evidence of an impossible standard arbitrarily set by the Magistrate Judge.  Accordingly, this objection is overruled.

Plaintiff next objects to the Magistrate Judge's interpretation of *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 240 (5th Cir. 2015).  In *Burton,* the Fifth Circuit held that documentation that was created at the time of a plaintiff's termination that relies on past events for which there is no contemporaneous documentation may be evidence of pretext.[5]  The Magistrate Judge found that *Burton* was not applicable to the facts of this case.  Plaintiff asserts that the Magistrate Judge distinguished *Burton* from the present action because this case involved a RIF rather than performance issues.  The Court disagrees.

As explained by Judge Hodges in another case, "*Burton* . . . dealt with a termination in which the employer's reason for termination was ongoing performance issues, yet the employer in that case presented insufficient documentation of the alleged ongoing

---

[5] The Court notes that the Fourth Circuit has recently cited *Burton* favorably for the same proposition.  *Wannamaker-Amos v. Purem Novi, Inc.*, No. 23-1568, 2025 WL 78324, at *8, n.7 (4th Cir. Jan. 13, 2025).

5

issues." *White*, No. CV 3:22-1657-SAL-SVH, 2023 WL 10947190, at *8 (D.S.C. June 22, 2023), *report adopted as modified,* 2024 WL 911520 (D.S.C. Mar. 4, 2024) (citing *Burton,* 798 F.3d 222, 240 (5th Cir. 2015) ("Here, the lack of documentation matters because the defendants charge Burton with a 'history of performance problems' but can show only a pair of dated, neutral performance reviews, a single mistake, and (maybe) unauthorized use of the internet.")). Here there is contemporaneous evidence of the RIF in Plaintiff's separation agreement and emails. Accordingly, the Magistrate Judge properly distinguished *Burton* from the facts in this case. Thus, the objection is overruled.

Next, Plaintiff asserts that the Magistrate Judge applied the "sole cause" requirement rather than the but-for standard in finding that Defendants' motion should be granted. He contends that the Magistrate Judge's reference to the fact that Plaintiff stated his belief that he may have been terminated, in part, for requesting compensation in his deposition heightened the causation standard. He asserts that the request for compensation could have played a part in the decision to terminate him but that a court must merely find that discrimination or retaliation under the ADA was the "tipping point" for the decision to terminate him in order for his claim to proceed. The Court disagrees.

There is no indication that the Magistrate Judge applied a sole causation standard as she never mentions the term. Moreover, the Magistrate Judge's reference to Plaintiff's statements in his deposition do not rise to the level of requiring Plaintiff to meet the sole causation standard. Based upon the evidence in the record, the Court agrees with the Magistrate Judge that Plaintiff failed to establish that he would not have been terminated

6

but for the prohibited discrimination or retaliation by Defendants.  Accordingly, this objection is overruled.

Finally, Plaintiff contends that the Magistrate Judge erred in failing to consider temporal proximity as evidence of pretext.  Plaintiff contends that he was terminated less than two months after requesting medical leave; however, he was terminated at the first opportunity as he was terminated on his first day back at work after medical leave.  While at this phase of the burden-shifting framework temporal proximity can be some evidence of pretext, it is not as significant as it is at the prima facie phase.  Given the lack of any other evidence of pretext, temporal proximity alone in this case is insufficient.  *Tedder v. Care S.C., Inc.*, No. cv 4:20-707-SAL, 2022 WL 909397, at *5 (D.S.C. Mar. 29, 2022) ("While temporal proximity may suffice to demonstrate the causation element of her prima facie case, it does not sufficiently demonstrate the "but for" causation required at the pretext stage." (citing *Nathan v. Takeda Pharms. Am., Inc.*, 890 F. Supp. 2d 629, 648 (E.D. Va. 2012), *aff'd*, 544 F. App'x 192 (4th Cir. 2013))).  Accordingly, this objection is overruled.[6]

### State Law Claims

As noted above, Plaintiff brought state law claims in addition to his federal claims.  The Magistrate Judge recommends declining to exercise supplemental jurisdiction with respect to Plaintiff's state law claims and remanding the remainder of this action.  No

---

[6] The Court further finds that the RIF is an independent, intervening event such that the temporal proximity between Plaintiff's medical leave and his termination does not support a finding of pretext.  *See Watson v. Fairfax Cnty., Virginia*, 297 F. Supp. 3d 591, 604 (E.D. Va. 2018).

party has objected to this recommendation. Indeed, there is scant, if any, evidence of record to indicate any discriminatory or retaliatory animus. Accordingly, upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge.

## CONCLUSION

Based on the foregoing and upon review of the record, the applicable law, and the Report, the Court adopts the recommendation of the Magistrate Judge. Defendants' Motion for Summary Judgment [28] is **GRANTED** as to Plaintiff's claims pursuant to the ADA. The remainder of this action is **REMANDED** to the Lexington County Court of Common Pleas.

IT IS SO ORDERED.

**s/ Donald C. Coggins, Jr.**
United States District Judge

January 31, 2025
Spartanburg, South Carolina